UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WELITON LOPES COSTA,

     *Petitioner,*

v.                            Case No. 3:25-cv-1384-JEP-MCR

SECRETARY KRISTI NOEM, et al.,

     *Respondents.*

_____/

## **ORDER**

Through counsel, Petitioner, Weliton Lopes Costa, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, release from custody or a bond hearing in accordance with 8 U.S.C. § 1226(a) (Doc. 1). Petitioner alleges that: he is a Brazilian citizen who fled to the United States in 2022 after his father was murdered; he crossed the border on about May 14, 2022, and was detained by ICE until about May 18, 2022, when he was released on his own recognizance; he has complied with all conditions of his release; he has resided continuously in the United States since his release; he is married to a United States citizen and has filed a Form I-130 ("Petition for Alien Relative"); he has no criminal history; and he was arrested on September 18, 2025, for a minor traffic violation and transferred to ICE's

custody on September 26, 2025. Doc. 1 at 22–25. He asks this Court to "exercise its independent judgment to determine whether [§] 1225 or [§] 1226 applies to [his] detention." *Id.* at 12.

Respondents (collectively, "the Government") filed a response (Doc. 5), arguing that the Court lacks jurisdiction to entertain the petition and that in any event the petition lacks merit because Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2).

Petitioner filed a reply (Doc. 6). Petitioner opposes the Government's jurisdictional argument and concisely states the narrow substantive issue for the Court's consideration: "The question before this Court is straightforward: Is Petitioner—a noncitizen who has resided in the United States for nearly four years—subject to mandatory detention under 8 U.S.C. § 1225(b)(2), or discretionary detention under 8 U.S.C. § 1226(a)?" Doc. 6 at 2.

In an order issued on January 26, 2026, this Court addressed these same claims and arguments, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Government's position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*,

--- F. Supp. 3d ---, No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938 (M.D. Fla. Jan. 26, 2026).

As did the petitioner in *Diaz Lopez*, Petitioner claims that his detention without a bond hearing violates the Immigration and Nationality Act ("INA"), along with its implementing regulations, and the Due Process Clause of the Fifth Amendment to the United States Constitution. *See* Doc. 1 at 27–39. To the extent that Petitioner's claims and arguments are the same as those addressed in *Diaz Lopez*, for the reasons stated in that order, this Court concludes that § 1225(b)(2)(A) governs Petitioner's detention. *See generally Diaz Lopez*, 2026 WL 261938; *see also Buenrostro-Mendez v. Bondi*, --- F.4th ---, No. 25-20496, 2026 WL 323330, at *4–5 (5th Cir. Feb. 6, 2026) (likewise holding that § 1225(b)(2)(A) mandates detention of aliens who are present in the United States without having been admitted).[1]

Petitioner also argues the Government has not "identif[ied] facts to support changed circumstances" for his re-detention after his release in 2022,

---

[1] To date, while numerous district courts have addressed the question that Petitioner presents, only one court of appeals—the Fifth Circuit—has squarely done so. And in that recently issued opinion, the Fifth Circuit gave the same answer that this Court did in *Diaz Lopez*. Having reviewed the opinion, this Court deems highly persuasive the Fifth Circuit's dispassionate, carefully reasoned, and thorough analysis, which the court judiciously confined to the statutory text, structure, context, and history, without discussion of extraneous considerations. *See generally Buenrostro-Mendez*, 2026 WL 323330, at *1–10.

in contravention of 8 C.F.R. § 241.13. *See* Doc. 1 at 16–20, 31–39. Because Petitioner is not subject to a final order of removal, the "changed circumstances" regulation that he cites does not apply. *See* 8 C.F.R. § 241.13(a) ("This section establishes special review procedures for those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at § 241.4 after the expiration of the removal period …").

In a May 18, 2022 release order, the Department of Homeland Security ("DHS") noted that Petitioner is being detained pending removal proceedings under § 212(a)(6)(A)(i) of the INA because he is "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[2] *See* Doc. 1-3 at 2. Moreover, in ICE Form I-830E, which Petitioner filed with his petition, DHS noted that Petitioner entered the country "[w]ithout [i]nspection." *See* Doc. 1-4 at 4–6. Despite that Petitioner encountered—and was temporarily apprehended by—U.S. Border Patrol when he entered the country in 2022, his status is no different than the petitioner's in *Diaz Lopez* for purposes of considering whether § 1225(b)(2)(A) or § 1226(a) applies to his detention: He is a noncitizen who has been living in the country for some time without having been admitted, and he has been detained for full removal

---

[2] Section 212 is codified at 8 U.S.C. § 1182.

proceedings. As such, for the reasons stated in *Diaz Lopez*, Petitioner is lawfully detained under § 1225(b)(2)(A) and his claims fail. *See Diaz Lopez*, No. 3:25-cv-1313-JEP-SJH; *see also Buenrostro-Mendez*, 2026 WL 323330, at *4–5.

Therefore, it is **ORDERED** and **ADJUDGED**:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions as moot, and close this case.

3. Recognizing that—at least when measured against other district court orders—this Court takes a minority position on this emergent and important issue, which implicates interpretation of the INA's substantive and jurisdiction-stripping provisions, if Petitioner chooses to appeal, the Court **GRANTS** him a **certificate of appealability** on the following question: Whether an alien without lawful admission who nonetheless has been living in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) or instead is subject to discretionary detention and may receive a bond hearing under 8 U.S.C. § 1226(a).

**DONE AND ORDERED** in Jacksonville, Florida, on February 18, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-6
c:
Counsel of Record

6